UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>Plaintiff,<br>v.<br>JERRY TAYLOR, et al.,<br>Defendants. | Case No. 24-cv-08593-VKD<br><br>**ORDER TO SHOW CAUSE RE REMAND**<br>Re: Dkt. No. 1 |

This is now the *third* attempt by defendant Aaron Papazian to remove this unlawful detainer action from Monterey County Superior Court to federal court. Dkt. No. 1. The underlying state court action (23CV001907) was brought by plaintiff U.S. Bank National Association ("U.S. Bank") against defendants Jerry Taylor, Sara Taylor, Aaron Papazian, and Does 1 through X, alleging that defendants had failed to vacate a property in Salinas, California. Dkt. No. 1 at ECF 5-7.

Mr. Papazian first removed this case to federal court on December 29, 2023. *See US National Bank v. Papazian*, No. 23-cv-06715-PCP, Dkt. No. 1. On January 5, 2024, Magistrate Judge Nathanael Cousins issued an order to show cause why the case should not be remanded to state court. *Id.*, Dkt. No. 4. Judge Cousins identified three defects in Mr. Papazian's removal papers: (1) failure to establish a basis for federal question jurisdiction; (2) failure to demonstrate that all named defendants had consented to removal; and (3) the untimely nature of the notice of removal itself. *Id.* According to the docket, Mr. Papazian did not respond to the order to show cause. On February 1, 2024, Judge Cousins issued an order reassigning the case to a district judge and recommending that it be remanded to state court. *Id.*, Dkt. No. 5. On April 10, 2024, District

Judge P. Casey Pitts adopted the report and recommendation in full and remanded the case to Monterey County Superior Court. *Id.*, Dkt. No. 7.

On July 5, 2024, Mr. Papazian again removed the same unlawful detainer action to federal court, and it was ultimately assigned to Judge Pitts. *See U.S. Bank National Association v. Taylor et al*, 5:24-cv-04061-PCP, Dkt. No. 1. Noting that "it does not appear . . . that Papazian has remedied the jurisdictional defect that made his prior removal improper," Judge Pitts issued an order to show cause "why this case should not be remanded to state court for the same reasons identified in the Magistrate Judge's prior Report and Recommendation." *Id.*, Dkt. No. 9. According to the docket, Mr. Papazian did not respond to the order to show cause. On October 9, 2024, Judge Pitts once again ordered the case remanded to state court. *Id.*, Dkt. No. 11.

On November 29, 2024, Mr. Papazian removed the same unlawful detainer action to federal court for the third time. Dkt. No. 1. The removal papers in this action reflect that Mr. Papazian has done nothing to remedy the defects identified in the orders remanding his prior actions. Accordingly, the Court orders as follows:

1. Mr. Papazian must file a response to this order and show cause why this action should not be remanded for the reasons set out in the prior remand orders in Case Nos. 23-cv-06715 and 24-cv-04061.

2. In addition, the Court questions whether the unlawful detainer action filed in Monterey County Superior Court has been resolved and/or whether a remand would be effective, particularly as the matter has now been remanded twice to state court after having been improperly removed. Accordingly, Mr. Papazian must also file a copy of the docket in the state court unlawful detainer action that includes the current status of proceedings in that matter.

3. **Mr. Papazian's response to this order must be filed no later than January 3, 2025.**

4. If no response is filed or if the response fails to address the deficiencies described above, the Court will direct the Clerk of the Court to reassign this matter to a district judge with a recommendation to remand the action to state court or dismiss the action in its entirety.

5. The Court invites counsel for plaintiff, who apparently has notice of the removal

1  and of this action, to file a status report regarding the state court unlawful detainer action no later
2  than January 3, 2025.  The Clerk of the Court shall mail a copy of this order to counsel for
3  plaintiff indicated on the certificate of service.  *See* Dkt. No. 2 at ECF 3.

4  **IT IS SO ORDERED.**

5  Dated: December 9, 2024

Virginia K. DeMarchi
United States Magistrate Judge

3